# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-10-2561 |
| CORRECTIONAL MEDICAL SERVICES | * | |
| Defendant | * | |

## MEMORANDUM

On September 22, 2010, plaintiff was provided an opportunity to supplement the above-captioned complaint the complaint as written did not present a claim upon which relief may be granted. Plaintiff filed a supplement indicating that he was released from Patuxent Institution and was not provided with Lithium Carbonate for treatment of his mental illness, making him not responsible for his actions.[1] Paper No. 4. Plaintiff concludes that he suffered mental and emotional injuries as a result of the failure. *Id*.

To state a constitutional claim a serious injury is required. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required in order to state a failure to protect claim); *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993) (serious emotional or physical injury resulting from conditions required to state Eighth Amendment claim); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (medical treatment must be so inadequate that it shocks the conscience in order to state an Eighth Amendment claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (actual injury required to state claim for denial of access to courts). A significant injury is not alleged.

---

[1] Plaintiff is currently incarcerated in Maryland Correctional Training Center.

Additionally, the failure to provide plaintiff with medical care upon his release from prison does not state a claim. Eigth Amendmnent "principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Once a prisoner is released he is no longer reliant upon the Division of Correction or its medical contractor to provide medical care. He or she is on equal footing with any other person at liberty with medical needs. Theoretically plaintiff had choices available to him upon his release from Patuxent and was no longer the captive patient relying solely on Correctional Medical Services for his care.

Accordingly, by separate order which follows, the complaint must be dismissed.


  October 14, 2010                              /s/
Date                                          J. Frederick Motz
                                              United States District Judge